CHICAGO   LOS ANGELES   NEW YORK   WASHINGTON, DC     JENNER&BLOCK LLP

April 19, 2013

Julie A. Shepard
Tel 213 239-2207
Fax 213 239-2217
jshepard@jenner.com

**VIA E-mail**

R. David Hosp
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210

Re:   *WNET, et al. v. Aereo, Inc.*, No. 12-cv-1540-AJN – Consolidated

Dear Dave:

As you know, the WNET Plaintiffs served subpoenas seeking documents and deposition testimony on Dish Network L.L.C. and EchoStar Technologies L.L.C. (collectively, "Dish"), and Dish has filed a motion to quash the subpoenas. Along with our opposition to Dish's motion, we intend to quote from and attach one or more of the following documents produced by Aereo reflecting Aereo's discussions with Dish: AEREO0031513-15, AEREO0032435, AEREO0205984-88, and AEREO0230828-29. I have attached each of them to this letter.

Of course, we will file and serve both publicly redacted and under-seal versions of our opposition and supporting documents in accordance with the protective order in our case. While Dish is not a party to the protective order, we do not anticipate that providing these documents to Dish in connection with its motion presents an issue, since each document was exchanged between Aereo's employees and employees of Dish and/or its affiliated corporations, and particularly given the fact that the same attorneys represent the various Dish entities. *See* Protective Order ¶ 13(f).

Nevertheless, we wanted to give you an opportunity to designate that only the court (and not Dish) may see the documents we file in connection with our opposition if you wish to do so. Under the Local Civil Rules of the United States District Court for the District of Colorado, we have the option to request different "levels" of restrictiveness: "Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court." D. Colo. L. R. 7.2(B)(5).

Please let me know by 11 a.m. EDT next Monday, April 22, what level of restrictiveness these documents warrant in Aereo's opinion. In addition, if you elect a level that will not permit Dish

April 19, 2013
Page 2

access, please provide the basis for that election as we must support the election with our motion to file under seal. *See* D. Colo. L. R. 7.2(B)(2)-(4).

Please feel free to contact me with any questions.

Sincerely,

Julie A. Shepard